UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
JOEL STELLA

   -v-

COMMISSIONER OF SOCIAL
SECURITY,
-------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 19-CV-01751 (FB)

Appearances:
 *For the Plaintiff*:
 Daniel Berger
 NY Disability LLC
 1000 Grand Concourse
 Bronx, NY 10451

 *For the Defendant:*
 Matthew Mailloux
 U.S. Attorney's Office, E.D.N.Y.
 271 Cadman Plaza East
 Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

Joel Stella seeks review of the Commissioner of Social Security's denial of his application for supplemental security income.  Both parties move for judgment on the pleadings.  For the following reasons, Stella's motion is granted, the Commissioner's motion is denied, and the case is remanded for further proceedings.

I.

Plaintiff filed an application for benefits on January 21, 2016.  His application was denied, and he requested a hearing before an ALJ.  After the hearing, the ALJ ruled that plaintiff was not disabled, assigning an RFC of

> light work . . . except that [Stella] can occasionally climb ramps/stairs, balance, stoop but can never climb ladders, ropes or scaffolds, crouch, kneel, crawl. This individual can frequently reach and handle. This individual should avoid all exposure to extreme cold/heat, wetness/humidity, environmental irritants (i.e., fumes, odors, gases & dusts). This individual should avoid all use of hazardous machinery and

1

all exposure to unprotected heights. This individual is limited to simple, routine tasks with only occasional decision making required. This individual is limited to occasional changes in the work setting. This individual is limited to occasional interaction with the public, coworkers and supervisors.

AR 22 ("Decision").  The Appeals Council declined review.

## II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision."  *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); see also 42 U.S.C. § 405(g).  "Substantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks and alterations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

## III.

The ALJ's Decision is deficient for, at least, two reasons.  First, the Decision improperly affords little weight to the opinion of Stella's treating psychiatrist, Dr. Adedute Gbadehan.  The treating physician rule dictates that the opinion of a treating physician as to the nature and severity of an impairment is given controlling weight unless it is "[in]consistent with other substantial evidence in the record." *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004).  The treating physician rule "is particularly important in the context of mental health" as "mental disabilities are

2

difficult to diagnose without subjective, in person examination." *Canales v. Comm'r of Soc. Sec'y,* 698 F. Supp. 2d 335,342 (E.D.N.Y. 2010).

    Dr. Gbadehan opined that Plaintiff suffered from bipolar and major depressive disorder, for which Plaintiff was prescribed Remeron and Vistaril, and as a result that Plaintiff had "marked" or "extreme" limitations in his ability to: remember locations and work-like procedures; understand, remember, and carry out very short, simple instructions; maintain regular attendance and be punctual; make simple work-related decisions; ask simple questions or request assistance; get along with coworkers and peers without unduly distracting them or exhibiting behavioral extremes; maintain socially appropriate behavior; be aware of normal hazards and take appropriate precautions; use public transportation; understand, remember, and carry out detailed instructions; maintain attention and concentration for extended periods; sustain an ordinary routine without special supervision; deal with stress of semi-skilled and skilled work; work in coordination with or proximity to others without being unduly distracted; respond appropriately to changes in a routine work setting; interact with the public; and accept instructions and respond appropriately to criticism from supervisors.  AR 363–64.

    Here, the ALJ afforded Dr. Gbadehan's opinion little weight on the basis that the "record indicates that [Plaintiff's] symptoms from his severe mental impairments . . . are transient in nature."  AR 28.  Yet, in drawing that conclusion, the ALJ relied

on—and accorded the greatest weight to—the opinion of Dr. Nicole Martinez, who submitted a medical opinion at the ALJ's request without examining Plaintiff in-person or reviewing the majority of Plaintiff's medical records. AR 25.[1] The ALJ failed to articulate "good reasons" for jettisoning the opinion of Plaintiff's treating physician, *Halloran v. Barnhart,* 362 F.3d 28, 33 (2d Cir. 2004), and in any event, monthly treatment notes from March 2016 to March 2018 consistently report Plaintiff suffering from issues with mood stabilization, mood swings, anger, and depression. "[D]octors who have not treated or examined a patient are generally entitled to less deference" and the treatment provider's perspective is "all the more important in cases involving mental health, which are not susceptible to clear records such as x-rays or MRIs. Rather, they depend almost exclusively on less discretely measurable factors, like what the patient says in consultations. *Flynn v. Comm'r of Soc. Sec. Admin.*, 729 F. App'x 119, 122 (2d Cir. 2018). In assigning great weight to Dr. Martinez's opinion, and little weight to Dr. Gbadehan, the ALJ acted in contravention of *Flynn*.

    The ALJ's Decision is deficient for the additional reason that it failed to account for the side-effects of Plaintiff's various medications—including lethargy, dizziness, drowsiness, and lightheadedness—on his RFC. Social Security Rule 16-

---

[1] Exhibits 12F and 18F contain the majority of Plaintiff's medical records, yet Dr. Martinez's medical opinion omits those records entirely. AR. 568–72.

4

3p specifically requires proper consideration of the "type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms." *See also* 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv). The ALJ omitted any discussion of those side-effects in determining Plaintiff's RFC, disregarding the express direction of Social Security Rule 16-3p.

On remand, the ALJ must reconsider all medical opinions, with emphasis on the opinions of treating physicians, and medication side-effects. To the extent the ALJ is unsatisfied with the record or believes there are evidentiary gaps, it is his duty to develop it further. *See Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2010) ("The ALJ has an obligation to develop the record in light of the non-adversarial nature of the benefits proceedings.").

### IV.

For the foregoing reasons, Stella's motion is GRANTED and Commissioner's motion is DENIED, and the case is remanded for reconsideration in light of this memorandum and order.

**SO ORDERED**.

    /S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 8, 2020

5